IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN JACKSON, individually and on behalf of a class of those similarly situated §§§§ | |
| Plaintiff § | |
| § | |
| v. § | No. SA-13-CA-849 |
| § | |
| MUY PIZZA, LLC, et al. §§§ | |
| Defendants § | |

## ORDER GRANTING CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION

The complaint alleges that the Defendant failed to pay workers the minimum wage in violation of the Fair Labor Standards Act (FLSA). Specifically, it alleges that the Defendants, operators of roughly 160 Pizza Hut locations, failed to reimburse pizza delivery drivers adequately for their automobile expenses and mileage. The Plaintiff seeks certification as a collective action on behalf of similarly situated delivery drivers. **See** 29 U.S.C. § 216(b); **Hoffman-LaRoche Inc. v. Sperling**, 493 U.S. 165, 169-70 (1989). Before the Court is the joint motion of the Plaintiff and Defendants to conditionally certify the collective action and approve the stipulated form of notice (Docket No. 60).

The amended complaint names as Defendants three entities: MUY Pizza, LLC, MUY Pizza-Tejas, LLC, and MUY Pizza Houston, LLC. So far, ten delivery drivers have consented to joining the

1

collective action. However, these drivers were all employed by MUY Pizza Houston. None of them were employed by MUY Pizza or MUY Pizza-Tejas. Therefore, the Plaintiff and the Defendants have agreed that conditional certification as a collective action is appropriate only as to Defendant MUY Pizza Houston.[1] They also agree that notice should be sent to delivery drivers who were employed by MUY Pizza Houston, and they have submitted a stipulated notice form. The Court will grant the joint motion for conditional certification, and it will approve the notice form subject to three changes.

I. **The Notice Form**

First, the heading of the notice form states that it applies to "delivery driver[s] employed by Muy Pizza Houston between [three years prior to Date of Order.]" Here, the parties correctly recognize that the applicable limitations period runs from three years prior to the order approving the notice of collective action. **See Tolentino v. C&J Spec-Kent Servs, Inc.**, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010). However, further down on that same page, the notice form states that the notice was being mailed to delivery drivers who worked for MUY Pizza Houston "between November 16, 2010 and the

---

[1] The parties have also agreed that they will file a stipulated motion for conditional certification as a collective action if a delivery driver employed by the other two Defendants consents to join this case as a party.

present." In both places, the date should properly be listed as February 10, 2011—three years prior to the entry of this Order.

Second, the notice form states that potential plaintiffs must opt into the lawsuit within ninety days after the notices are mailed. This is too long. Forty-five days is enough time for potential plaintiffs to join the collective action.

Third, the notice form suggests that plaintiffs are unable to participate in the collective action if they are not represented by the Plaintiff's attorneys. The form currently states:

> If you choose to opt-in to the lawsuit by promptly returning a signed Consent to Join form, you do not need to hire your own lawyer because Plaintiffs' counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer **and will have to file your own separate lawsuit.**

(emphasis added).

This highlighted phrase suggests that potential plaintiffs may not participate in the instant case through separate counsel of their own choosing. Therefore, it should be removed from the notice form.

## II. Conclusion

The Court will grant the joint motion for conditional certification and approve the proposed notice form subject to those three changes. Pursuant to the parties' agreement, the Court will order Defendant MUY Pizza Houston to "produce to

Plaintiffs no later than February 28, 2014 an Excel spreadsheet listing the names, addresses, dates of employment, store location, and store number for all delivery drivers who worked for MUY Pizza Houston, LLC on or after November 16, 2010."[2] Once the Defendant has produced that spreadsheet, the Plaintiffs shall mail the amended notice forms within seven days.

It is therefore ORDERED that the joint motion for conditional certification as a collective action (Docket No. 60) be, and it is hereby, GRANTED.

It is further ORDERED that the proposed notice form (Docket No. 60-1) be, and it is hereby, APPROVED as modified.

It is further ORDERED that, no later than February 28, 2014, Defendant MUY Pizza Houston, LLC shall furnish to the Plaintiffs a spreadsheet listing the names, addresses, dates of employment, store locations, and store numbers for all delivery drivers who worked for Defendant MUY Pizza on or after February 10, 2011.

---

[2] Again, the operative limitations date is February 10, 2011. **Tolentino**, 716 F. Supp. 2d at 654.

4

It is further ORDERED that, within seven days of receiving that spreadsheet, the Plaintiff shall mail the modified notices.

SIGNED AND ENTERED this 10th day of February, 2014.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE